Thank you, Your Honor. May it please the Court, my name is Gilbert Paul Carrasco. I represent plaintiffs, appellants, the Church of the Eagle and the Condor. With me is Co-Counsel Martha J. Hartney. This case is about a settlement agreement in which the phrase attorneys' fees appears on seven different occasions and retention of jurisdiction appears in three separate paragraphs, two of which relate to enforcement of the entire agreement. Essentially, this is a joint request for a consent decree. There are three fundamental errors that occurred in the district court, all of which are subject to de novo standard of review. First, the sua sponte dismissal is without authority under Rule 41. Secondly, the court misinterpreted the law of prevailing party as it relates to settlement agreements and the governing part of the agreement, but refusing to enforce other parts of the agreement. The district court changed essential terms of the agreement and deprived the plaintiffs of the benefit of their bargain. So what do you want us to do? Your Honor, I would like to have this court reverse the judgment and the order of dismissal, reverse the order relating to denial of the motion for attorneys' fees and costs, and reverse the order denying the motion to incorporate the settlement agreement into an order and for retention of jurisdiction and to vacate the judgment. The Rule 41 question is clear. Does that undo the settlement? Not necessarily, Your Honor. And it is our position that the settlement should be enforced as written, not as changed by the district court. So there's a settlement of the disputed issues. Yes. The parties agreed to that. All of the disputed issues, yes, Your Honor. And they agreed to have the court determine attorneys' fees itself. Well, not exactly, Your Honor. The settlement agreement provides that the plaintiff will move for dismissal after receipt of the payment of attorneys' fees. And there are several other instances in the settlement agreement that refer to the payment of attorneys' fees. So the district court changed the language of the settlement agreement to issue her order, whereby she viewed that clause as any payment of fees. And so by changing the language of the settlement agreement, she determined that zero payment constituted receipt of the payment of fees. The Rule 41 question is clear. The district court has no inherent authority to dismiss this case sua sponte with prejudice over the objection of the plaintiffs. This is not a voluntary dismissal under 41A. There was no notice of dismissal filed. And there was an explicit statement of plaintiffs that they did not desire dismissal. It was not an involuntary dismissal under 41B because there was no motion to dismiss pending, and there was no failure to prosecute, to comply with the federal rules, or to comply with a court order, no lack of jurisdiction. There was simply no basis upon which the federal district court had authority to dismiss this case. And under the agreement specifically, only the plaintiffs had the power to dismiss this case. And this we refused to do because the district court did not comply with the agreement. And therefore, in our motion to incorporate the agreement and for retention, we suggested that we have a status conference as a relief in that motion. And for that reason, we would have said, well, if she granted the motion, then do you want us to go forward with another motion for fees, or do you want to act on the previous motion? And if she denied that motion, then we would simply say, well, that's not the agreement that we agreed to, and we should go to trial. Counsel, was there any reason? I'm sorry. Go ahead, Joseph Smith. Okay. Thank you. Counsel, is it your position that the district court was obligated to incorporate the terms of your settlement agreement into a court order? And if so, what's your authority for that argument? The district court did not have to approve or adopt our settlement agreement. But what the district court could not do is enforce part of the settlement agreement and refused to enforce other parts. And this is exactly what the order of dismissal accomplished. Essentially, she enforced the attorney's fees, purportedly enforced the attorney's fees provisions of the agreement, and she refused, the district court refused to enforce the retention provisions. Two of the retention provisions specifically related to the entire agreement. There was only one provision that related to retention of jurisdiction for fees. In your response to Judge Smith's question, I did not hear the name of the case or other authority. Well, the court has inherent authority to adopt the settlement agreement. It doesn't have to adopt the settlement agreement. But if it chooses not to adopt the settlement agreement, it has no ability to dismiss the case with prejudice. It can refuse to adopt the settlement agreement. It can say, we are going to trial if the court doesn't want to retain jurisdiction as provided in the settlement agreement. But what the court cannot do is simply take it upon itself to dismiss the case sua sponte. So if the district court in this case had simply accepted, I accept the settlement, and I'll now proceed to determine attorney's fees, which seems to have been the intent. Settle the case, have the court decide the issue of attorney's fees. Was there a requirement upon the court to have one side move for fees or file affidavits as to their amount or that sort of thing? Well, the plaintiffs did so. We filed our motion with exhibits detailing the hours worked and the rate per hour. And the court denied that motion in toto. If the court had approved the settlement and adopted it in a court order and then said, I'm now proceeding to the issue of attorney's fees, and I conclude that the plaintiffs are not entitled to attorney's fees, that would be subject to our review of that discretion, correct? Correct, Your Honor, although that would be clear error in our view, because attorney's fees and fee shifting statutes are the rule rather than the exception. And the plaintiffs in this case clearly prevailed, any way you look at it. All of the relief that plaintiffs sought in the complaint have been part of included in the settlement agreement. So it's difficult for a court to conclude, well, attorney's fees are not merited here because there's no prevailing party status, when, in fact, we achieved everything we sought in the litigation, and as a matter of judicial economy, we settled the case rather than go to trial. We didn't feel that it was necessary for us to try this case, but we would have, and we were prepared to do so. So if Judge Bolton had simply said, order, paragraph one, I approve the settlement and incorporate it in the body of this order. Two, on the issue of attorney's fees, I determine that the plaintiffs are not entitled to fees, signed Judge Bolton. What would be wrong with that? That would be clear error because under the prevailing party jurisprudence of this court, we would clearly satisfy the criteria for attorney's fees. Did the Department of Justice agree that you were the prevailing party? Well, the Department of Justice made some offers. That's not what I'm talking about. At any point leading up to the settlement, did the Department of Justice concede that the plaintiff had meritorious arguments? In so many words, by referring to seven times to attorney's fees in the settlement agreement, that was an implicit acknowledgment that we would get attorney's fees, and that is predicated on the fact that we were the prevailing party. That sounds to me like the accurate answer to my question is the Department of Justice never agreed that your client was entitled to attorney's fees. Yes or no? Yes. However, the repeated references to attorney's fees would seem to be surplusage and irrelevant to the settlement agreement if there were an understanding that there would be no fees. So, Counsel, your argument is the settlement agreement clearly contemplated an award of attorney's fees. And all of the negotiations with the defendants clearly contemplated that as well, Your Honor. I think that the position of the government that we were not entitled to attorney's fees arose after the settlement was executed and after we could not come to an agreement on the amount of fees. The amount of fees that the government offered was less than minimum wage. Are what you're describing right now in the settlement agreement? Yes. Those words? Which words, Your Honor? The words that the plaintiffs are entitled to some amount of attorney's fees? Well, yes, Your Honor. There are several references to fees. And the settlement agreement at the record at 113 provides that the plaintiffs would move for dismissal upon receipt of payment of fees, the receipt of the payment. And that contemplates that there would be some measure of payment given to plaintiffs. Any way you slice it, payment does not equal zero. And I think that the repeated references to the payment of attorney's fees, costs, and expenses here under is essentially an admission that fees would be forthcoming. It was quite surprising to us, frankly, that the government changed its position and said that we were not entitled to any fees whatsoever. And it was even more surprising to us that the court adopted that position. Because this case was a success from the plaintiff's perspective. Actual relief on the merits was granted through this settlement agreement. And the court's refusal to acknowledge that fact is error. Secondly, from your perspective, the fact that the agreement clearly talked about attorney fees, the termination of the case was dependent upon the payment of some attorney fees verifies your position that at least some fees were due. And from your perspective, that was only due because of the prevailing party jurisprudence. Is that right? Yes, Your Honor. It also relates to the suus ponte dismissal in the case. Because that was predicated on her ruling on the fees motion. And essentially, that dismissal was not based on the terms of the agreement which required plaintiffs to move for dismissal. There was no provision in the agreement whereby the court or the defendants could dismiss the case. So absent the receipt of the payment of fees as provided in the settlement agreement, there was no basis for dismissal. And that was clear error under Rule 41. So from your perspective, no payment of fees, the case is just in limbo. Yes, and as I said, as a request for relief in our motion to incorporate and for retention of jurisdiction, we asked the court for a status conference so that if she decided to deny that motion, we would simply be left with a decision as to whether to go to trial. We would not have accepted the settlement agreement under the terms as amended by the district court. And she changed the terms of the settlement agreement and deprived plaintiffs of the benefit of the bargain. We were willing to negotiate with defendants on fees. And we made several offers that were quite reasonable, I would say. But the defendants were quite unreasonable in our view. And therefore, we asked the court to rule on attorney's fees. And that ruling was quite erroneous as a matter of law because we were clearly the prevailing party and there was clearly some judicial enforcement of the agreement. Counsel, your time is almost up. But I wanted to ask you, was there any reason why the court was not requested to adopt this agreement and to approve of it? Well, the defendants, I see I'm out of time, Your Honor. Could you please respond? Yes. The defendants did not want to enter into a consent decree. And notwithstanding that fact. But they did. Well, they agreed to it in the agreement. You're right, Judge Hargis. But you didn't get the court's imprimatur, which is typically what's done for a consent decree. You typically get the court to approve it. So I was just curious. Yes, but it's not necessary in this circuit. I understand it's not necessary, but there would have been far less complicated if the court had given its imprimatur because the prevailing party status would have been solidified. I agree. And that's why we filed our motion to incorporate the settlement into an order. All right. Thank you, Counsel. You've exceeded your time. We'll hear from the government. May it please the Court. Sarah Griffin for the United States. I just want to clarify at the beginning, this was not a joint request for a consent decree. As opposing counsel notes, the government was not willing to enter into any sort of treaty-type agreement. This was a private settlement agreement between the parties, and that settlement agreement lacks the necessary judicial imprimatur to render plaintiffs' prevailing parties. Counsel, let me ask you this. Under what authority, then, did the district court dismiss the case? So the district court dismissed the case after there was nothing left to resolve. Under what rule? Under what authority did the district court? What rule did the district court rely on? What authority? What legal authority? So I don't know that the district court cited a rule, nor did it need to, because there was no open issue in the case, right? The plaintiffs and... What case says that? That a district court has the authority to dismiss a case that's been settled by settlement agreement if there's nothing left in the case? What case are you relying upon? So I don't have a specific case to point your honor to, but that's also not an argument that plaintiffs have made. I think it's... Well, it's a question I'm asking you. I understand. Yes. So it's not under Rule 41, correct? It was not a voluntary dismissal by plaintiffs. That is correct. Was it an involuntary dismissal? Well, it was a get-over-the-objection of plaintiffs, I understand. But I just want to take a step back. Could you answer my question? Was it an involuntary dismissal under Rule 41? I don't have the rule... The only reason I'm hesitating is because I don't have the rule text in front of me, so that's the only reason I'm... Did you move for dismissal? Did the government move for dismissal? No, the defendants did not move for dismissal. So what happened here was the parties negotiated a settlement agreement on everything except for attorney's fees. The government would have preferred to settle the entire case, including fees, but plaintiffs did not want to make fees a part of that settlement. We're not here on intent. We're here on what actually happened. I understand, Your Honor. The guts of this agreement between the parties was that the merits issues would not be resolved, but the issue of attorney's fees would be decided by the district court. Yes, Your Honor. Exactly. And at the point in time that happened, Judge Bolton had before her their application for fees, correct? Yes, so when the parties were not able to negotiate a fee amount, plaintiffs moved for fees. The government opposed that motion. The district court concluded under this court's case law and the Supreme Court's case law that plaintiffs were not prevailing parties and therefore were not entitled to a fee award. That closed the issue of attorney's fees, right, because there was no longer anything left for the court to decide, and there was no other issue in the case for the court to decide either because the parties had resolved every other issue in their private settlement agreement. And, you know, plaintiffs don't attempt to argue against the sort of fundamental judicial imprimatur requirement, but they also plainly don't satisfy that requirement. They point to cases that largely have either on-the-record settlements or orders from the court expressly retaining jurisdiction to enforce the settlement agreement, neither of which we have here. And they attempt to sort of hook their judicial imprimatur on the court's basic acknowledgment that the attorney's fee issue had not been resolved. And I just want to take a brief step back and highlight how odd it would be if the very that the parties were not able to come to agreement on the issue of fees were what entitled plaintiffs to prevailing party status. And that is the argument that plaintiffs are making here. No, not exactly. The problem here is that the district court relied on the settlement agreement in part to exercise its discretion on the attorney's fees, but then seemingly disregarded another part of the settlement agreement. That's the difficulty with the argument that the district court didn't give its imprimatur. The district court dipped its toe into the settlement agreement. And I just want to push back on that a little bit. I think two points, Your Honor. So, one, all that the district court had before it and all that it did was say, okay, you guys are going to negotiate. You have 60 days. Come back to me and file a motion if you can't figure it out. And if there's any fees, the plaintiffs will dismiss after that. So, that's according to the settlement agreement. Those were, to be clear, those were the only provisions of the settlement agreement that the court had before it. The other point that I want to make that I want to highlight is what we know from Blackie and from other cases is that you need relief on the merits. And something that changes the legal relationship of the parties, which everyone agrees the settlement agreement does here, but then you need the change in legal relationship to be judicially sanctioned. In other words, it's not enough for the court to acknowledge the existence of the settlement agreement or even to proceed on a schedule contemplated by the settlement agreement. It has to place its stamp of judicial approval on the relief obtained. And the court did not do that here. It had nothing about the relief obtained even before it at the time. And when plaintiffs- And why do you say that? We earlier talked about whether the court had to incorporate into an order the terms of the settlement agreement. I think the answer is no. But in this case, nothing ever goes away until the attorney fee issue gets resolved. So, what's your response to that? So, if I'm understanding correctly, Your Honor, I think that supports our arguments rather than undermining them. To the extent we're discussing what was the right thing for the district court to do once the attorney's fee issue was resolved, I think it was natural for it to dismiss the case. My point was simply that the district court, under undisputed prevailing party case law, needed to put its stamp of approval on the relief obtained, on that change in legal relationship between the parties that occurred in the settlement agreement and that dealt with the merits of the case. Here, we just- But isn't that what, in theory, the settlement agreement did? The parties reached an agreement. The only open issue was the attorney fee, right? That is correct. But that does not satisfy the prevailing party standard articulated in this court's cases, including Carbonell and in Lackey and Buchanan. But with respect, counsel, does the government contend that the plaintiffs in this case failed to achieve their goals, that the settlement agreement was highly favorable to them? I find it somewhat bizarre. You've got this settlement agreement, which reached a lot of changes, a lot of permanent changes, and yet that seems to be ignored based upon whether or not there's a prevailing party here. I mean, it seems to me there's a very clear prevailing party here. We're not- We're not ignoring that, but the prevailing party status requirement has two components. So not only does there have to be a change in legal relationship, however favorable, that change in relationship has to be approved by the court. So it really doesn't matter- And upon what do you base that? What case? On, from the Supreme Court, Lackey and Buchanan, and in this court, a number of cases, including Carbonell and Klamath. The district court cited PN versus Seattle School District. Many of the cases that plaintiffs cite. So I think there's- Two points. I don't think plaintiffs have ever disputed that there is this second requirement, this judicial imprimatur requirement. And so the fact that the settlement agreement gave them what they wanted as to their RFRA claims just isn't enough. There's two parts to the test. But Lackey says, if I understand it correctly, the court must approve material changes of an enduring nature. Does the government dispute that the settlement agreement embodies changes of an enduring nature? No, Your Honor, there's no dispute as to that here. What is important from Lackey for our purposes is Lackey's statement that the change in relationship must result from a judicial order. That's at 203 and 204. So that separate requirement is what plaintiffs have not met. And what the district court rightly noted was the reason that plaintiffs are not approving. Does that not obligate the district court to enter such an order? No, Your Honor, and plaintiffs have cited no authority. And there is none for the district court to be obligated to then take this additional step of reflecting the settlement agreement in an order or retaining jurisdiction. And how then does the district court reach the attorney's fees issue, if not for the settlement agreement? So there was no need for the settlement agreement to, for the district court to reach the issue. Because what the settlement agreement did and what is very, very common is it resolved some of the issues in the case, most of the issues in this case. The parties didn't settle on fees, and the sort of natural result of that is that issue was still before the district court. The settlement agreement didn't say that if the parties can't resolve the fees, it would go to the district court. It said that, but I thought it was a simple acknowledgment of the fact that if that issue wasn't settled, it would remain before the district court. I mean, parties settle parts of a case all the time, and I think that's exactly what was happening. But the settlement agreement contemplated that the district court would determine the fees if the parties couldn't agree. That was a term in the settlement agreement that the district court used to rule on the issue, correct? So that was a term in the settlement agreement. It was not necessary for the court to have the authority to decide the attorney's fees issue. But the fact remains that that's the procedure by which the attorney's fees came to the district court, and the district court relied on that portion of the settlement agreement to make its decision. Would you disagree with that? I'm only pushing back slightly in that the district court cited that agreement from the parties and then went on to decide attorney's fees. I just don't — If the district court cited that, why would the district court cite that if it weren't pertinent to the proceedings? So I think it can be pertinent. I'm just pushing back on the implication that it was somehow necessary to empower the district court to decide the fees issue. I just — there's nothing in the district court's willingness to decide the fees question that places a judicial stamp of approval on the relief obtained in the settlement agreement as to the merits. So there's no prevailing party status under this court's case law and the Supreme Court's. But your interpretation of that renders the whole discussion of the attorney fees just nugatory. It just puts it out there in limbo land. You've got the parties have reached a settlement agreement. They've talked about the attorney fees. They've talked about a time period. And it seems like the government is saying, hey, you can just ignore all that. It doesn't matter. No, Your Honor. There's no need to ignore it. I think it reflects the sort of course of proceedings that the parties contemplated the fees would be resolved on. It set forth, for example, how long the parties would be willing to negotiate the fees issue. And it expressly stated that the parties would go to the district court if they couldn't resolve the fees issue. There's nothing sort of nugatory about it. As it came about, the parties were not able to reach an agreement on fees. The district court then had to resolve that issue. And once it did so, there was nothing left. Counsel, what about the provision that says that the plaintiff would move to dismiss the case upon receipt of payment of attorney's fees? What are we to do with that language? So, I think that language simply meant that if any fees were paid. But it doesn't say that. I understand that it doesn't use those words. I think the fact that the district court used the sort of any payment language in its order strongly corroborates the reading of the settlement agreement to mean payment of fees if any are made. Receipt means that you get something. I understand, Your Honor, but the settlement agreement and the district court's order I think reflected the idea that the case would conclude after the payment of any fees. At the receipt of payment. That's a very important word because receipt means that you're actually getting something. But I think the issue also has to be read in the sort of with the eyes of common sense, right? The parties contemplated that they would take the issue to the district court if they couldn't agree. The government was clear throughout the negotiations that they did not believe that plaintiffs were entitled to fees as a prevailing party. Of course, they were willing to negotiate fees for the benefits of resolving the case. They then went to the district court, which, of course, had the authority and obligation to apply fee case law about who is a prevailing party and about what party. It seems to me you're reading into the provision that my colleague has pointed you to, language like the parties dispute an entitlement to attorney's fees. The government's position is they're entitled to none. The plaintiff's position is they're entitled to fill in the blank. Notwithstanding that, if the court in its discretion determines that fees are appropriate to be awarded to the plaintiffs, then upon receipt of the fees, blah, blah, blah, blah. Isn't that what you're doing? So that would have certainly been a belt and suspenders approach to what I think is captured within the fee agreement. That's what the practice of law is all about. I believe I'm over my time. If I could just briefly. Just, yes, wrap up, counsel. Yes. So I'll just note that although the parties didn't use those words, I think the district court rightly understood that the fee question, once the parties failed to resolve, was left to the court. And I also will just close by stating that that question does not speak to whether the case law requirements of prevailing parties' status and, therefore, the statutory requirements have been satisfied here, which they have not. Thank you, counsel. We understand your position. Rebuttal. Do we have any time for rebuttal? You used all your time? Five minutes, yes, Your Honor. No, you used all your time. The time that was shown on the clock was your total time remaining, so you didn't really actually save any time for rebuttal. Oh, I thought I had. I'm sorry, Your Honor. No, thank you. But we understand your position. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: HAWKINS, RAWLINSON, SMITH